## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

REZA TATUM,

      Plaintiff,                       Civil Action No. 2:07-15395
v.                                      HONORABLE NANCY G. EDMUNDS
                                          UNITED STATES DISTRICT COURT
CITY OF DETROIT, et. al.,

      Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Before the Court is Plaintiff Reza Tatum's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983. Plaintiff is a state prisoner currently confined at the Macomb Correctional Facility in New Haven, Michigan. For the reasons stated below, the complaint is **DISMISSED WITHOUT PREJUDICE.**

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such

1

relief.

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### III. **Complaint**

Plaintiff claims that his house was shot at on March 3, 2006. When Detroit police officers arrived at the house, they asked plaintiff if he had dated the mother of Officer Shawn O'Rear's baby. Plaintiff claims that he was shortly thereafter arrested for the crime of home invasion and the violation of a P.P.O. (personal protection order). Although plaintiff told the officers that Stephen Pruitt had shot at his house, plaintiff claims that the officers did no investigation into the shooting of his home. Plaintiff was ultimately convicted of home invasion and given one year in jail, which he was able to serve on work release.

Plaintiff claims that in September of 2006, he was threatened by Officer O'Rear while cutting grass. Plaintiff does not specify the nature of the threat, but claims that he obtained a P.P.O. against O'Rear.

Plaintiff claims that on September 25, 2006, Timothy Brown, Stephen Pruitt's uncle, attempted to break into his house. Plaintiff called 911. Brown

2

damaged plaintiff's vehicle with a chair.  Plaintiff claims that he attempted to defend his property and his home and got into a fight with Brown.  Brown's nephew produced a gun to help his uncle.  In response, plaintiff went into his house and retrieved a shotgun to protect himself.  Plaintiff shot Brown in the leg and was charged with assault with intent to murder and several other charges.  On June 19, 2007, plaintiff was found guilty of the lesser offense of assault with intent to do great bodily harm, felonious assault, and felon in possession of a firearm by a felon.

Plaintiff claims that the individual defendants, all Detroit police officers, made up false allegations and police reports in order to convict him of the various criminal charges in this case.  With respect to the assault with intent to commit murder charge, plaintiff claims that Defendant O'Rear brought these false charges in order to protect his relatives from being charged with crimes arising from their attack on plaintiff.  Plaintiff further claims that O'Rear threatened him many times that he should not testify against Pruitt or Brown.  It is unclear from the complaint whether O'Rear was attempting to intimidate plaintiff from testifying in his defense at his own trial or whether he was attempting to prevent plaintiff from testifying against Pruitt or Brown in any case in which they were the defendants.  Plaintiff claims that all of these actions were taken in retaliation for his past relationship with O'Rear's ex-wife.  Plaintiff now seeks declaratory and monetary relief against the defendants.

## IV. **Discussion**

Plaintiff's complaint is subject to dismissal for several reasons.

First, to the extent that plaintiff seeks monetary damages arising from his criminal convictions, he would be unable to obtain such damages absent a showing that his criminal convictions had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Because plaintiff does not allege that his convictions have been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecutions, convictions, and incarceration against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

To the extent that plaintiff is seeking to have his criminal convictions vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal. Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier

release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Section 1983 cannot serve as a basis to challenge the fact of a plaintiff's criminal conviction; the proper instrument for bringing such a challenge would be either on direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus. *See Messa v. Rubin*, 897 F. Supp. 883, 885 (E.D. Pa. 1995); *See also Bey v. Gulley,* 2002 WL 1009488, * 2 (E.D. Mich. May 6, 2002).

To the extent that plaintiff appears to be asking this Court to reverse his criminal convictions, his complaint would stand in habeas corpus, and not under the civil rights statute.  The current defendants would therefore not be the proper respondent. *See Urrutia v. Harrisburg County Police Dept.,* 91 F. 3d 451, 462 (3rd Cir. 1996)(citing to Rule 2(a), Rules Governing § 2254 Cases).  Instead, the proper respondent would be Hugh Wolfenbarger, the warden at the Macomb Correctional Facility.

To the extent that plaintiff is seeking to be released from custody, his action should have been filed as a petition for a writ of habeas corpus and not a civil rights suit under § 1983.  This Court will not, however, convert the matter to a petition for a writ of habeas corpus.  When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999).  Instead, the matter should

be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.* This Court cannot treat plaintiff's complaint as an application for habeas corpus relief because the Court has no information that the plaintiff has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b) & (c), to obtain federal habeas relief. *Parker v. Phillips,* 27 Fed. Appx. 491, 494 (6th Cir. 2001); *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998). Moreover, any habeas petition would be subject to dismissal because plaintiff has failed to name the appropriate state official as the respondent. *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). Finally, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

To the extent that plaintiff is seeking relief from the defendants' failure to properly investigate the shooting of his home on March 3, 2006, or Brown's and Pruitt's attack on him on September 25, 2006, he fails to state a claim upon which relief can be granted. There is no constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime. *See White v. City of Toledo,* 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002); *Walker v. Schmoke*, 962 F.Supp. 732, 733 (D.Md. 1997)("[N]o federal appellate court, including the Supreme Court ... has recognized that there is a federally

6

enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence."); *Fulson v. City of Columbus*, 801 F.Supp. 1, 6 (S.D.Ohio 1992)("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act."). Plaintiff is not entitled to relief on any such claim.

Plaintiff lastly claims that Defendant O'Rear threatened him not to testify against Brown or Pruitt. It is unclear whether plaintiff is claiming that he was threatened against testifying in his defense in the assault with intent to murder case in which he was charged with shooting Brown, or whether plaintiff is claiming that O'Rear threatened him against testifying against Brown or Pruitt in any case in which plaintiff was the victim and Brown and Pruitt were the defendants.

To the extent that plaintiff is alleging that he was prevented by O'Rear from testifying on his own behalf at his trial, such a claim is non-cognizable under § 1983 pursuant to *Heck,* in the absence of any allegation that plaintiff's conviction had been vacated or set aside. *See Lanier v. Bryant*, 332 F. 3d 999, 1006-07 (6th Cir. 2003).

To the extent that plaintiff contends that O'Rear threatened him against testifying against Brown or Pruitt in any case in which they were charged as defendants, plaintiff's claim is also subject to dismissal. 42 U.S.C. § 1985(2)

7

does create a cause of action for witness intimidation in certain circumstances. The first part relates to conspiracies to interfere with the administration of justice in federal courts. The second half proscribes conspiracies to obstruct the course of justice in state courts.[1] The first part of Section 1985(2) is inapplicable, because plaintiff does not allege that O'Rear attempted to prevent him from testifying in a federal court proceeding.

With regard to the second clause of Section 1985(2), a plaintiff must plead and prove that the defendants' actions were motivated by an intent to deprive the plaintiff of "the equal protection of the laws." This requires "an allegation of a class-based, invidiously discriminatory animus." *See Was v. Young,* 796 F. Supp. 1041, 1053 (E.D. Mich. 1992)(internal quotations omitted). Plaintiff's complaint does not state a claim under § 1985, because he has failed to make any allegations, conclusory or otherwise, of a conspiracy between O'Rear and others to prevent him from testifying against Pruitt or Brown. *See Fox v. Michigan State Police Dept.*, 173 Fed. Appx. 372, 376 (6th Cir. 2006). Any Section 1985 claim

---

[1] The full text of Section 1985(2) states: "If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws [an action for damages will lie]".

against O'Rear would also fail, because plaintiff has failed to make any allegations that O'Rear conspired to deprive him of equal protection of the laws by acting with discriminatory intent. *Fox,* 173 Fed. Appx. at 376; *Was,* 796 F. Supp. at 1053. Finally, although plaintiff may have been a witness against Pruitt or Brown in any criminal charges brought against them, plaintiff was not a party to that action. Because plaintiff was not the defendant, he had no legal stake in the outcome of any criminal charges brought against Pruitt or Brown, at least for purposes of maintaining an action under Section 1985. *Was,* 796 F. Supp. at 1053. The Court will therefore dismiss this claim against O'Rear.

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, as is the case here, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy,* 343 F. Supp. 2d at 609. Therefore, because this Court is dismissing plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F. 3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999)(citing to *Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996)).

## V. ORDER

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE.**

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

**Dated: January 7, 2008**

**I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 7, 2008, by electronic and/or ordinary mail.**

        **s/Carol A. Hemeyer**
        **Case Manager**